1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC SMITH, ) | Case No.: C 12-00103 PSG |
| ) | |
| Plaintiff, ) | **ORDER TO REASSIGN CASE TO A** |
| ) | **U.S. DISTRICT COURT JUDGE;** |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **TO REMAND CASE** |
| ) | |
| AURORA LOAN SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Eric Smith ("Smith") proceeding *pro se* applies to proceed *in forma pauperis*. "It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* and determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis*."[1]

Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a U.S. District Court Judge with the recommendation that the case be remanded to state court.[2]

---

[1] *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965).

[2] Magistrate judges have authority to issue final dispositive rulings only in cases where all parties have consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. §636 (c)(1). The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See*

Case No.: C 12-00103 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION                                                    1

Smith filed this case on the grounds that a violation of the Protecting Tenants at Foreclosure Act of 2009 confers federal jurisdiction. ("PTFA").  The action arises from efforts to evict Smith from residential property located at 598 East Duane Avenue in Sunnyvale, California.  (the "Property").  Smith is a tenant of former owners of the Property that was later foreclosed upon. Smith alleges that Aurora Loan Services, LLC ("Aurora") purchased the Property at a trustee's sale and, shortly thereafter, served Smith with a notice to quit possession of the Property.

On September 23, 2011, Aurora filed a complaint for unlawful detainer in the Superior Court of California, County of Santa Clara.  On January 5, 2012, Smith filed the instant action in federal court.

The PTFA is a relatively recent federal statute that provides certain protections to tenants who reside in foreclosed property, including, where applicable, the right to continue living in the premises for the duration of their lease and the right to a 90-day eviction notice.  The PTFA states that:

> [I]n the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of each notice of foreclosure -
>
> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease.[3]

In *Cort v. Ash,* the Supreme Court set forth a four-factor test for evaluating whether a federal

---

*Nasca v. Peoplesoft,* 160 F.3d 578, 580 n. 3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. § 636(b)").  It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter.  *See, e.g., In re U.S. Healthcare,* 159 F.3d 142, 145-46 (3rd Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of section 28 U.S.C. § 636(b)(1)(A)).  Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

[3]     *See* 123 Stat. 1632, 1660 (2009).

Case No.: C 12-00103 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION                                             2

statute creates a right of action that may be enforced by private parties in federal court.[4] Those factors are (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted;" (2) whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" and (4) whether the "cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law."[5] Since *Cort,* the Supreme Court has effectively condensed the *Cort* analysis into a single factor – whether Congress expressly or by implication intended to create a private cause of action.[6]

On its face, the PTFA does not expressly state any private right of action. The legislative history further emphasizes that the PTFA was intended to allow tenants who are victims of the foreclosure crisis a protection that can be used in the state courts to combat unlawful evictions.[7] Based on this omission of any express private right, and the legislative history confirming that the statute's protections apply in response to state court evictions, the court must conclude a private right of action does not exist under the PTFA. Every other court identified by the undersigned to have considered the issue has found no private federal right of action in the PTFA.[8]

Accordingly, this court orders that the case be reassigned to U.S. District Court Judge and

---

[4] *Cort v. Ash*, 422 U.S. 66, 78 (1975).

[5] *See id.*

[6] *See Transamerica Mortgage Advisors, Inc. v, Lewis,* 444 U.S. 11, 15-16 (1979).

[7] *See* 155 CONG. REC. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry). *See, e.g., See Bank of Am., N.A. v. Owens*, 2010 N.Y. Misc. LEXIS 954 (N.Y. Sup. Ct. May 4, 2010).

[8] *See Nativi v. Deutsche Bank National Trust Company,* Case No. 09-6096 PVT, 2010 WL 2179885, at *2-4 (N.D. Cal. May 26, 2010); *Claremont 1st Street Investors v. Espinoza,* Case No. 10-3532 GAF (DTBx), 2010 WL 2486804, at *3 (C.D. Cal. Jun. 15, 2010); *Fannie Mae v. Lemere,* Case No. 10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. Jul. 6, 2010); *Zalemba v. HSBC Bank, USA, et al.,* Case No. 10-1646 BEN (BLM), 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010); *Wescom Credit Union v. Dudley,* Case No. 10-8203 GAF (Ssx), 2010 WL 4916578, at *2 (C.D.Cal. Nov. 22, 2010); *Martin v. LaSalle Bank National Assoc.,* Case No. 10-1775 BTM (BGS), 2011 WL 9583, at *1 (S.D. Cal. Jan. 3, 2011); *Cohn v. Bank of America,* Case No. 10-00865 MCE KJN PS, 2011 WL 98840, at *6 (E.D. Cal. Jan. 12, 2011); *BDA Investment Properties LLC v. Sosa,* Case No. 11-03684 GAF (Rzx), 2011 WL 1810634 (C.D. Cal. May 12, 2011); *Wells Fargo Bank v. Lapeen,* Case No. 11-01932 LB, 2011 WL 2194117, *4 (N.D. Cal. Jun. 6, 2011).

Case No.: C 12-00103 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION                                   3

1  recommends that the District Court deny the application to proceed *in forma pauperis* and remand
2  the case to state court.
3     **IT IS SO ORDERED**.
4  Dated: 2/9/2012

                                                *(signature)*
                                      PAUL S. GREWAL
                                      United States Magistrate Judge

Case No.: C 12-00103 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION                       4